UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  4:13CR33 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| ROLAND SEPULVEDA, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is a *pro se* motion by defendant Roland Sepulveda to amend the judgment to include a recommendation that he be considered for pre-release into a community correctional facility or be placed on home confinement. (Doc. No. 22.) The government opposes the motion. (Doc. No. 24.) For the reasons set forth below, defendant's motion is denied.

On April 15, 2013, defendant entered a counseled plea of guilty to three counts of health care fraud, in violation of 18 U.S.C. § 1347. On June 3, 2013, defendant was sentenced to a term of imprisonment of 24 months on each count, to be served concurrently. (Judgment, Doc. No. 21.) By the present motion, defendant appears to seek placement in a community corrections center, a residential re-entry center, or home confinement.

The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Rather,

the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748-49 (6th Cir. 2008) (citing, among various authorities, *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)). Pursuant to 18 U.S.C. § 3582(c), a court may resentence a defendant under very specific and limited circumstances, none of which are applicable to defendant's request for furlough to a step-down facility or home confinement. Accordingly, the Court lacks jurisdiction to consider defendant's motion.[1]

Defendant cites 18 U.S.C. § 3624(c), also known as the Second Chance Act, as supplying the necessary authority for the Court to grant his request. Yet, the very statutory language he quotes makes clear that it is the "*Director of the Bureau of Prisons*," and not the Court, that is authorized to "ensure that a prisoner . . . spends a portion of the final months of [his] term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." (Emphasis added). *See Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009) (The Second Chance Act "grant[s] authority to the Bureau of Prisons to determine an inmate's eligibility for RRC [(Residential Re-entry Center)] placement.")

---

[1] Section 3582(c) permits a court to modify a sentence: upon a motion of the Director of Bureau of Prisons under certain delineated circumstances, § 3582(c)(1)(A); to the extent permitted by statute or Fed. R. Crim. P. 35, § 3582(c)(1)(B); or upon a motion of the defendant, the Director, or upon its own motion, in the event the Sentencing Commission subsequently lowers the sentencing range the Court applied in sentencing the defendant. 18 U.S.C. § 3582(c)(2). "The [Court's] authority to correct a sentence conferred by Rule 35(a) [of the Federal Rules of Criminal Procedure] is 'extremely limited.'" *United States v. Houston*, 529 F.3d 743, 749 (6th Cir. 2008) (quoting *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006)). Rule 35 provides, in pertinent part, that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The Director of the Bureau of Prisons has not filed any such motion.

Because the Court lacks the authority to grant defendant the relief he seeks, his motion is denied.

**IT IS SO ORDERED**.

Dated: August 26, 2014

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**