UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL CASE NO.  4:14CV280 |
| | ) | CRIMINAL CASE NO. 4:13CR33 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| ROLANDO SEPULVEDA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is a motion to vacate, set aside, or correct sentence filed by *pro se* petitioner Rolando Sepulveda ("petitioner" or "Sepulveda") pursuant to 28 U.S.C. § 2255. (Doc. No. 30 ["Mot."]).[1] Respondent United States of America ("government") opposes the motion (Doc. No. 37 ["Opp."]), and petitioner has filed a reply (Doc. No. 38 ["Reply"]). Petitioner has also filed a string of ancillary motions to which no response was filed. (Doc. Nos. 28, 29, 31.)

I. **BACKGROUND**

On January 16, 2013, petitioner was charged with seven counts of healthcare fraud, in violation of 18 U.S.C. § 1347. (Doc. No. 1.) On April 15, 2013, petitioner entered a counseled plea of guilty to counts 4, 5, and 7 of the indictment. (Doc. No. 14 [Plea Agreement], at 87.) At the direction of the Court, a Presentence

---

[1] Unless otherwise indicated, all document references are to Sepulveda's criminal case—Case No. 4:13CR33. Additionally, all page number references are to the page identification number generated by the Court's electronic docketing system.

Investigation Report ("PSR") was prepared by U.S. Pretrial Services and Probation. (Doc. No. 17.) Consistent with petitioner's plea agreement, the PSR provided for a base level of 6, pursuant to U.S.S.G. § 2B1.1(a)(2), to which twelve points was added, pursuant to § 2B1.1(b)(1)(G), because the amount of the loss was between $200,000.00 and $400,000. (PSR at 109; Plea Agreement at 89.) After applying a three-point reduction for acceptance of responsibility, the total offense level was calculated to be 15. (PSR at 109; Plea Agreement at 89.)

There was no agreement as to the applicable criminal history category, and the PSR recommended a finding of six criminal history points—three points for a 1995 conviction for conspiracy to traffic in cocaine, and another three points for a 1995 conviction for conspiracy to distribute cocaine—resulting in a criminal history category of III. (PSR at 113-14.) The advisory guideline range of imprisonment for an offense level of 15 and a criminal history category III is twenty-four (24) to thirty (30) months. Defendant did not file objections to the PSR. Instead, defense counsel filed a sentencing memorandum, wherein he advocated for a sentence at the low end of the applicable guideline range. (Doc. No. 20.)

The sentencing hearing was conducted on June 3, 2013, during which the Court accepted the calculations appearing in the PSR and determined that the applicable guideline range was 24 to 30 months. Defense counsel, again, advocated for a sentence at the low end of the range. Petitioner was ultimately sentenced to a term imprisonment of 24 months—a sentence at the very lowest end of the advisory guideline range. (Doc. No. 21 [Judgment].)

Petitioner did not take a direct appeal from his conviction and sentence. Rather, on February 10, 2014, petitioner filed the instant § 2255 motion, asserting that he received ineffective assistance of counsel at sentencing. Specifically, he alleges that his counsel failed to object to the inclusion of the 1995 conviction for conspiracy to traffic in cocaine in the calculation of his criminal history. Citing U.S.S.G. § 4A1.2(e)(1), petitioner insists that this prior conviction was outside the 15-year applicable time period.

## II.  STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

In order to obtain relief under § 2255, a petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)). Therefore, a court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Griffin*, 330 F.3d at 736 (quoting *United States v. Davis*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). Nevertheless, the Court recognizes petitioner's

3

*pro se* status, and applies a lenient construction to his motion. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). When (as here) the judge considering the § 2255 motion also presided over the plea, the judge may rely on his or her recollections of the proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. As the analysis below demonstrates, the allegations in petitioner's motion cannot be accepted as true because they are either conclusively refuted by the record or misguided and unsubstantiated conclusions. *See Arredondo*, 178 F.3d at 782.

**III. DISCUSSION**

Petitioner's § 2255 motion raises a single ground for relief—that he received ineffective assistance of counsel at sentencing. The Sixth Circuit has explicitly recognized that a § 2255 motion is the proper vehicle for raising an ineffective counsel claim and that it would not entertain such a claim in a direct appeal, thus petitioner has properly brought this claim before this Court. *Singleton v. United States*, No. 93-4253, 1994 WL 464245, at *1 (6th Cir. Aug. 26, 1994) (citing, among authorities, *United States v. Carr*, 5 F.3d 986, 993 (6th Cir. 1993)); *see also Massaro v. United States*, 538 U.S.

4

500, 504-05, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) (Supreme Court holding that a § 2255 motion is preferable to a direct appeal for deciding an effective-assistance claim).

Claims of ineffective assistance of counsel are analyzed under the familiar *Strickland* standard. Under *Strickland*, in order to succeed on such a claim, a defendant must make two showings. First, he "must show that [his] counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Second, the defendant must also show that counsel's deficient performance prejudiced him. *Id*.

Under the first *Strickland* prong, deficient performance means that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. At this stage of the analysis, the proper measure of attorney performance is an "objective standard of reasonableness," with reasonableness judged based on the particular case's facts, viewed as of the time of the attorney's conduct. *Id*. at 688, 690. Judicial scrutiny of counsel's performance, however, is "highly deferential." *Id*. at 689. Further, a court's focus is on the adequacy of "counsel's actual performance, not counsel's (hindsight) potential for improvement." *Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1998) (citation omitted).

In considering the second *Strickland* prong, petitioner is required to show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. However, "[an] error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691 (citation

5

omitted). Petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

A criminal defendant is entitled to effective assistance of counsel during the plea and sentencing process. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). In the context of guilty pleas, an attorney provides ineffective assistance by performing outside "the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id*. (citations omitted).

Petitioner claims that trial counsel was ineffective for failing to object to the inclusion of the 1995 conviction for conspiracy to traffic cocaine in the criminal history calculation, raising his criminal history from a category II to a category III. According to petitioner, this conviction was too remote in time to be used to enhance his sentence in this case. Petitioner's argument is premised upon a faulty reading and application of U.S.S.G. § 4A1.2.

Section 4A1.2(e)(1) instructs sentencing courts, in relevant part, as follows:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of

>imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

U.S.S.G. § 4A1.2(e)(1). Commentary Note 8 explains that "the term 'commencement of the instant offense' includes any relevant conduct" U.S.S.G. § 4A1.2(e)(1) cmt. n. 8 (2001). *See also United States v. Tsang*, 96 F. App'x 318, 322 (6th Cir. 2004) ("the 15-year period is calculated from the end of the defendant's incarceration for the prior offense to the date of the commencement of the instant offense.") (citing U.S.S.G. § 4A1.2(e)(1)).

According to the PSR, petitioner was sentenced on the 1995 conspiracy to traffic conviction on June 14, 1995 to a term of 3 years imprisonment.[2] (PSR at 113.) As part of his plea in the present case, petitioner agreed that the instant conspiracy spanned "[f]rom on or about August 27, 2008, through on or about August 15, 2011[.]" (Plea Agreement at 94.) As less than 13 years separate the date of the 1995 trafficking sentence and the commencement of the present drug conspiracy, the prior sentence was imposed "within fifteen years of the [petitioner's] commencement of the instant offense[.]" U.S.S.G. § 4A1.2(e)(1); *see, e.g., United States v. Galvan-Guajardo*, 78 F. App'x 477, 480-81 (6th Cir. 2003) (prior convictions took place within 15 years of petitioner's commencement of the offense of entering, or attempting to enter, the United States

---

[2] While petitioner objects to the PSR writer's suggestion that the 1995 trafficking conviction should factor into his criminal history score, he does not take issue with the PSR's factual account of the details surrounding his prior convictions.

7

without prior authorization).³

Because the 1995 conspiracy to traffic conviction was properly included in petitioner's criminal history calculation, pursuant to U.S.S.G. § 4A1.2(e)(1), counsel cannot be considered ineffective for failing to pursue a meritless objection to the PSR. *See generally Coley v. Bagley*, 706 F.3d 741, 572 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.") (citations omitted); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel."); *see, e.g., Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000) (failure by counsel to object to inclusion of certain prior convictions in calculating criminal history score would have been futile, and, therefore, could not support an ineffectiveness claim). Petitioner cannot establish that his trial counsel's conduct fell below an objective standard of reasonableness, nor can he prove that he was prejudiced by his counsel's performance, and, therefore, petitioner cannot satisfy either prong of the *Strickland* test. Petitioner's § 2255 motion is denied. Further, for the reasons previously stated, the motion to vacate lacks any substantive merit, and petitioner cannot present a question of some substance about which reasonable jurists could differ. The Court, therefore, denies a certificate of appealability.

---

³ Additionally, even if petitioner were in continuous custody from the date of his arrest on July 20, 1993 (which is unlikely inasmuch as the defendant was arrested on a subsequent offense on October 31, 1994), his three-year trafficking sentence would result in petitioner being incarcerated "during any part" of the fifteen years preceding the start of the instant offense in 2008. U.S.S.G. § 4A1.2(e)(1); *see, e.g.*, *Tsang*, 96 F. App'x at 322 (prior conviction was counted under U.S.S.G § 4A1.2(e)(1) where defendant was released on the prior offense "well within the 15-year limit for a conspiracy beginning in 1991"); *United States v. Truss*, 69 F. App'x 263, 266 (6th Cir. 2003) (similar); *see also United States v. Galaviz*, 645 F.3d 347, 358 (6th Cir. 2011) ("[A] prior offense is counted as long as it resulted in the defendant being incarcerated on the sentence any time during the 15 years preceding the offense[.]")

Petitioner has also filed several supplemental motions. In one motion, styled "Emergency Motion to Appear in Site of Proper Rights to Expose and Solicit," petitioner purports to challenge the conditions of his confinement and the medical care he has received at the institution where he is currently housed. (Doc. No. 29.) Habeas corpus is not the appropriate vehicle for challenging the conditions of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (collecting cases); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). When a prisoner improperly brings a claim of unconstitutional conditions of confinement as a habeas claim, the district court is to dismiss the action. *See Martin*, 391 F.3d at 714. Accordingly, this motion is dismissed without prejudice.

The remaining two motions appear to seek leave to proceed *in forma pauperis* (Doc. No. 31) and to obtain copies of certain court records (Doc. No. 28). The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal could not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate

9

court. *See* Fed. R. App. P. 24(a)(4) – (5). In this case, for the same reasons it denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. Leave to appeal *in forma pauperis* is denied.

Finally, petitioner requests copies of the PSR and the transcript from the June 3, 2014 sentencing hearing. The government's responsibility to provide transcripts or other court documents to inmates in connection with habeas proceedings is defined in 28 U.S.C. § 753(f) and 28 U.S.C. § 2250. *See United States v. Clark*, Criminal Action No. 6:07-13-DCR, 2010 WL 342547, at *1 (E.D. Ky. Jan. 29, 2010) (citation omitted). Pursuant to § 753(f), the government must furnish transcripts where a prisoner has permission to proceed *in forma pauperis*, the court finds that the § 2255 action is non-frivolous, and the transcript is needed to rule on the motion. Likewise, § 2250 provides that an indigent petitioner permitted to prosecute an application *in forma pauperis* is entitled to free copies of court documents. Section 2255 also requires a showing of particularized need for the documents to be supplied at public expense. *See United States v. Chambers*, 788 F. Supp. 334, 338 (E.D. Mich. 1992) (denying such a request where defendant failed to set forth factual allegations sufficiently specific to enable the court to determine if a free transcript was warranted); *Bozeman v. United States*, 354 F. Supp. 1262, 1263 (E.D. Va. 1973).

Petitioner has not been granted permission to proceed *in forma pauperis*, the Court has found the § 2255 to be devoid of any merit, and petitioner has not made a showing of need for the requested documents. His broad representation that these documents will assist him in showing an "error" in his criminal history calculation is

insufficient to constitute a demonstration of need.[4] *See, e.g., Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error.") Petitioner's request for documents is also denied

### IV. CONCLUSION

For all of the foregoing reasons, petitioner's motion to vacate, set aside, or correct his sentence is denied. Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Additionally, petitioner's requests to appeal *in forma pauperis* and to receive certain court documents are denied, and his motion challenging the conditions of his confinement is dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: December 31, 2014

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**

---

[4] To the extent that petitioner's request for documents can be construed as a request for discovery, the motion is also denied. Although Rule 6 of the Rules Governing Section 2255 Proceedings in the United States District Courts provides for some discovery, it does so only if good cause is shown. Petitioner does not need the requested documents to assist him in filing his reply to the government's response as he has already filed his reply. Therefore, no good cause has been shown. *See, e.g., Silvers v. United States*, Nos. 1:09-cv-134, 1:02-CR-43, 2010 WL 1491955 (E.D. Tenn. Apr. 14, 2010) (denying similar request).